**ORIGINAL**

# In the United States Court of Federal Claims

No. 02-220V

(Filed Under Seal: July 25, 2016)

(Reissued: August 9, 2016)

FILED

AUG - 9 2016

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSE VALLE and ANDREA VALLE, on
behalf of J.V., a minor,

        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Vaccine case; untimely motion for review of a special master's decision; application of 42 U.S.C. § 300aa-12(e); lack of jurisdiction

Jose Valle and Andrea Valle, *pro se*, Miami, Florida.

Ryan D. Pyles, Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C. for respondent. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Rupa Bhattacharyya, Director, Catharine E. Reeves, Acting Deputy Director, and Gabrielle M. Fielding, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER[1]

Petitioners Jose Valle and Andrea Valle seek review of a special master's decision denying them compensation under the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, Title III, § 311, 100 Stat. 3756 (codified as amended at 42 U.S.C. §§ 300aa-1 to 300aa-34) ("Vaccine Act"). The special master filed his decision on April 13, 2016, and the ensuing judgment was entered on May 31, 2016. On June 1, 2016, the Valles filed their motion for judicial review ("Pet'rs' Mot."), ECF No. 141. The government opposes this motion, arguing that the court lacks jurisdiction because the petitioners filed the motion beyond the time specified

---

[1]In accord with the Rules of the Court of Federal Claims ("RCFC"), App. B ("Vaccine Rules"), Rule 18(b), this opinion and order is being initially filed under seal. By rule, the parties have fourteen days in which to propose redactions. If no redactions are proposed, the decision will be issued in the form in which it was filed under seal.

in 42 U.S.C. § 300aa-12(e)(1), which allows a party 30 days to file a motion for review after the special master issues his or her decision. *See* Resp't's Resp. to Mot. for Review ("Resp't's Opp'n"), ECF No. 142.

## BACKGROUND

This case has an extensive history, which is recounted at length in the special master's decision. *See Valle v. Secretary of Health & Human Servs.*, No. 02-220V, 2016 WL 2604782, at *2-*14 (Fed. Cl. Spec. Mstr. Apr. 13, 2016). The Valles filed this case *pro se* on March 20, 2002, alleging that their then-15-month-old son, J.V., had experienced a post-vaccination change in behavior and averring that several different vaccines were the cause. *Id.* at *5; *see also* Pet., ECF No. 1 (March 20, 2002) (alleging their son stopped talking, making sounds, or following directions after being vaccinated). The case was originally assigned to a special master, but it was subsequently consolidated in the Omnibus Autism Proceeding ("OAP"), along with 5,400 other actions, pending the results of several test cases. See *Valle*, 2016 WL 2604782, at *5-*6. At some point near this time, J.V. was diagnosed with an autism spectrum disorder. *Id.* The OAP test cases concluded in 2010. *Id.* at *3. In the test cases, the special masters and reviewing courts rejected claims that various vaccines had caused petitioners' autism spectrum disorders. *Id.* (citing decisions by the Office of Special Masters, Court of Federal Claims, and Court of Appeals for the Federal Circuit).

On November 7, 2011, the Valles were notified about the outcome of these cases and asked to decide whether they wished to proceed with their claims. *See Valle*, 2016 WL 2604782, at *6. On January 31, 2013, the Valles filed an amended petition for review, ECF No. 67, generally alleging that J.V. suffered from encephalitis as a result of a diphtheria-tetanus-acellular pertussis vaccine ("DTaP") and that this was a "table injury." Am. Pet. ¶¶ 16-17.[2] The petitioners also alleged J.V.'s injuries could have been caused by Haemophilus influenza type b ("Hib") and polio ("IPV") vaccines. *See* Pet'rs' Mot. at 5.

On May 23, 2013, the petitioners filed a status report explaining that they were asserting a table injury claim. Pet'rs' Status Report ¶ 6, ECF No. 71. The assigned special master consequently issued a scheduling order setting deadlines for expert reports. *See* Order of May 30, 2013, ECF No. 72. The special master cautioned the petitioners about the difference between a claim of table injury and a claim of non-table injury; to prove a table injury, petitioners needed to show that J.V. received a vaccine and suffered an injury that matched a corresponding vaccine-injury specification on the injury table. *Id.* If petitioners were unable to make this

---

[2] For a "table injury," a petitioner must generally establish that the vaccine received is listed on the Vaccine Injury Table, that the vaccine was received in the United States, that the injury or condition is "set forth on the Vaccine Injury Table in association with the vaccine," and that "the first symptom or manifestation of the [injury or condition]... occurred within the time period after vaccine administration set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(B), (C). For an "off table" vaccine injury, a petitioner must establish causation by preponderant evidence. *See* 42 U.S.C. §§ 300aa-11(c)(1)(B), (C)(ii)(I), 300aa-13(a)(1); *Althen v. Secretary of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005); *Whitney v. Secretary of Health & Human Servs.*, 122 Fed. Cl. 297, 299 (2015).

showing, they would have to prove cause-in-fact pursuant to the standards of *Althen*, 418 F.3d at 1278. *Id.* In response, the petitioners filed affidavits of several doctors. *See Valle*, 2016 WL 2604782, at *17.

Petitioners filed proposed findings of fact and law on April 24, 2015, ECF No. 117, and the Secretary responded on May 11, 2015, ECF No. 120.[3] The assigned special master subsequently issued a thorough 33-page opinion denying the Valles' petition. *Valle*, 2016 WL 2604782, at *26. The special master found that there was insufficient evidence of a table encephalopathy related to DTaP, *id.* at *19, concluding that the limited medical evidence was unpersuasive and deciding not to credit certain statements of fact made by the Valles, *id.* at *20-21. The special master next addressed petitioners' earlier pleadings which had alleged "anaphylactic shock." *Id.* at *23. On that point, he found the evidence insufficient to establish a table anaphylaxis. *Id.* Finally, the special master leniently construed the Valles' filings as alleging that J.V.'s injury was caused-in-fact by his vaccinations pursuant to the standards of *Althen*, 418 F.3d at 1278. *Id.* at *25-26. Applying that standard, the special master determined that the Valles had not proved that any vaccine had in fact caused J.V.'s conditions. *Id.*

## JURISDICTION

Before considering the merits of a petitioner's motion, the court must determine that it has jurisdiction. Jurisdiction is the "power to declare the law," and when the court does not have jurisdiction, its "only function" is to "announc[e] the fact and dismiss[] the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Because jurisdiction is a prerequisite to any court action, all courts have "an independent obligation" to adhere to jurisdictional prescriptions. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Jurisdictional terms, limitations, and constraints cannot be relaxed, waived, or forfeited, even when application of those provisions would cause undue hardship to one of the parties. *See Mojica v. Secretary of Health & Human Servs.*, 287 Fed. Appx. 103, 104 (Fed. Cir. 2008) ("This result is draconian but compelled by law.").

Owing adherence to this rule of law, this court must determine whether the "30-day" limitation of 42 U.S.C. § 300aa-12(e) on filing a motion for review of a special master's decision is jurisdictional. The pertinent statutory subsection provides:

(1) *Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk* of the United States Court of Federal Claims *a motion to have the court review the decision.* . . .

(2) *Upon the filing of a motion* under paragraph (1) with respect to a petition, the *United States Court of Federal Claims shall have jurisdiction to*

---

[3]During the lengthy progression of this case, petitioners were represented at different times by five separate counsel. The last of these counsel terminated his representation on August 26, 2015, after filings regarding the merits had been submitted to the assigned special master for decision. *See* Order of Aug. 26, 2015, ECF No. 130.

> *undertake a review* of the record of the proceedings and may thereafter [uphold or set aside the special master's decision] . . . .
>
> (3) *In the absence of a motion* under paragraph (1) respecting the special master's decision or if the United States Court of Federal Claims [upholds the decision], *the clerk* of the United States Court of Federal Claims *shall immediately enter judgment* in accordance with the special master's decision.

42 U.S.C. § 300aa-12(e) (emphasis added).

In 1993, the United States Court of Appeals for the Federal Circuit held that this 30-day limitation on filing motions for review is jurisdictional. *Widdoss v. Secretary of Health & Human Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993). In *Widdoss*, the Federal Circuit determined that the statute's plain language states "in the strongest possible terms that filing a motion to review the special master's decision within the 30-day period is a prerequisite to the [court's] jurisdiction." *Id.* at 1176. That reading is reinforced by the legislative history, the Circuit explained, because the House conference report accompanying the legislation states that "if such a motion for review is filed within the applicable time limits, the [c]ourt is then to decide [the case]." *Id.* (quoting H.R. Rep. No. 101-386, at 516 (1989)). Following *Widdoss*, courts have dismissed any late petitions on jurisdictional grounds. *See Mahaffey v. Secretary of Health & Human Servs.*, 368 F.3d 1378, 1380 (Fed. Cir. 2004) (affirming dismissal of a motion for review for lack of jurisdiction, when the motion was filed two days late); *Decker v. Secretary of Health & Human Servs.*, 51 Fed. Cl. 288, 289 (2001) (dismissing motion for review for lack of jurisdiction, when the motion was filed one day late). Given the binding authority of *Widdoss*, this court would lack jurisdiction to consider the petitioner's motion for review, which was filed on June 1, 2016, more than 30 days after the special master's decision of April 13, 2016. *See Hervey v. Secretary of Health & Human Servs.*, 88 F.3d 1001, 1002 (Fed. Cir. 1996) (holding that the special master's decision's date of "issuance" is the date the decision is filed with the clerk's office).

Nevertheless, three recent developments "have cast into doubt the jurisdictional nature of the deadline to file a motion for review." *Price v. Secretary of Health & Human Servs.*, 565 Fed. Appx. 891, 894 & n.1 (Fed. Cir. 2014) (affirming dismissal of a motion for review for lack of jurisdiction, but commenting that *Widdoss* and similar precedents had been "cast into doubt"); *see also G.L.G. ex rel. Graves v. Secretary of Health & Human Servs.*, 577 Fed. Appx. 976, 981 (Fed. Cir. 2014) (same).

First, in a recent line of decisions, the Supreme Court has instructed that "most time bars are nonjurisdictional." *United States v. Kwai Fun Wong*, __ U.S. __, __, 135 S. Ct. 1625, 1632 (2015); *see also Sebelius v. Auburn Reg'l Med. Cntr.*, 568 U.S. __, __, 133 S. Ct. 817 (2013); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 168 (2010); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008); *Arbaugh*, 546 U.S. at 516 (same). The implication of this instruction is that filing deadlines might be equitably tolled by the courts. *See Kwai Fun Wong*, __ U.S. at __, 135 S. Ct. at 1638 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990) (holding that

"the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.")).

Second, the Supreme Court has refined the principles to be employed for determining whether a statute is jurisdictional. When making such a decision, lower courts must "inquire whether Congress has 'clearly stated' that the rule is jurisdictional." *Auburn Reg'l*, 133 S. Ct. at 824. "Absent such a clear statement . . . courts should treat the restriction as nonjurisdictional." *Kwai Fun Wong*, 135 S. Ct. at 1632 (quoting *Auburn Reg'l*, 133 S. Ct. at 824 (in turn quoting *Arbaugh*, 546 U.S. at 516)) (internal quotation marks omitted). This does not amount to a requirement that Congress use "magic words," but it does mean that "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* (quoting *Auburn Reg'l*, 133 S. Ct. at 824). "The statutory language, placement of the provision within the statutory scheme, and 'context, including [Supreme Court] interpretations of similar provisions in many years past,' are indicative of whether a provision is jurisdictional." *Ford Motor Co. v. United States*, 811 F.3d 1371, 1377 (Fed. Cir. 2016) (citations omitted) (quoting *Auburn Reg'l*, 133 S. Ct. at 835).

Third, the court of appeals has applied the underpinnings of this line of Supreme Court cases to the Vaccine Act, holding that the 36-month statute of limitations for filing a petition for compensation, *see* 42 U.S.C. § 300aa-16(a)(2), is not jurisdictional and thus may be equitably tolled. *Cloer v. Secretary of Health & Human Servs.*, 654 F.3d 1322, 1340-44 (Fed. Cir. 2011) (en banc) (overruling *Brice v. Secretary of Health & Human Servs.*, 240 F.3d 1367 (Fed. Cir. 2001)). Although the holding in *Cloer* was directed to Paragraph 300aa-16(a)(2) of the Vaccine Act, dicta in the opinion suggests that *Cloer*'s reasoning might apply broadly to the Act. *See Cloer*, 654 F.3d at 1344 (surveying the "detailed time limits governing processing of cases" and concluding that "these time limits are designed to benefit the petitioner.").

These developments since the decision in *Widdoss* was rendered require reanalysis of the jurisdictional effect of Paragraph 300aa-12(e)(1), applying the principles of *Kwai Fun Wong*. Subsection 300aa-12(a) states in explicit terms that this court shall "have jurisdiction over proceedings" "in accordance" with the Section. The statute adds in Paragraph 300aa-12(e)(2) that "upon the filing of a motion under paragraph (1)," the "Court of Federal Claims shall have jurisdiction to undertake a review." The jurisdictional references in the statutory text are reinforced by the overall heading of the Section, which is "Court jurisdiction." Although statutory headings are not dispositive, the "placement" of Paragraph 300aa-12(e)(2) in Section 300aa-12 "provide[s] some indication of Congress' intent." *Henderson*, 562 U.S. at 439-40 (holding a provision was not jurisdictional, after noting that the provision was not included in another section of the statutory scheme that was titled "Jurisdiction; finality of decisions"). Additionally, the statutory context is consistent with a jurisdictional reading because, pursuant to Paragraph 300aa-12(e)(3), the clerk of this court "shall immediately enter judgment" if no motion for review is filed.

The express use of the term "jurisdiction" in Section 300aa-12 also distinguishes the 30-day limitation on filing motions for review from the statute of limitations at issue in *Cloer*, which was not stated in jurisdictional terms. *Compare* 42 U.S.C. § 300aa-12(e)(1) ("Upon the filing of

a motion under paragraph (1) . . . [the court] shall have jurisdiction . . . ."), *with* 42 U.S.C. § 300aa-16(a)(2) ("[N]o petition may be filed . . . after the expiration of 36 months."). *See also Henderson*, 562 U.S. at 438 (holding that a statute providing that "a person adversely affected by [a decision of the Board of Veterans' Appeals] shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed," did "not speak in jurisdictional terms or refer in any way to the jurisdiction of the Veterans Court." (quoting *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 394 (1982)). And although the time limits in the Vaccine Act may be for the "benefit" of the petitioner, *Cloer*, 654 F.3d at 1344, that consideration cannot override the statute's plain jurisdictional language.

For these reasons, the court must dismiss petitioners' motion for lack of jurisdiction, even though the court does so reluctantly. Paragraph 300aa-12(e)(1) is notably rigid and out of step with other statutes and rules relating to the time for seeking review or appeal. For example, if petitioners were to seek an extension for an appeal from this court's ruling, the court would have juridical power to grant this extension. *See* Fed. R. App. P. 4(a)(5), (6) (granting trial courts discretion to extend the time for filing an appeal, even after the prescribed time has expired).[4]

---

[4]The pertinent rule of appellate procedure provides in pertinent part:

(5) Motion for Extension of Time.

   (A) The district court may extend the time to file a notice of appeal if:

      (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

      (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

   (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of

By contrast, Rule 23 of the Vaccine Rules governing "Motion[s] for Review" implements the statutory limitations of 42 U.S.C. § 300aa-12(e) and provides no similar discretion, instead expressly barring any extensions of time to seek review of a special master's decision. *See* Vaccine Rules of the United States Court of Federal Claims 23(b) ("No extensions of time will be permitted under this rule."). The wisdom of the statutory time constraint on jurisdiction for review, is, however, a matter for Congress, not the court. The court is obliged to adhere to the statute as written.

Even if equitable tolling were available, see *Price*, 565 Fed. Appx. at 894 (addressing equitable tolling, in the alternative, after concluding that the trial court otherwise had appropriately dismissed the late-filed motion for review for lack of jurisdiction), the circumstances of this case would not support an exercise of the court's discretion to allow the late submission. Equitable tolling is generally appropriate in instances where fraud, duress, or extraordinary circumstances have stood in the way of a litigant who has diligently pursued his or her rights. *Cloer*, 654 F.3d at 1344-45. And, equitable tolling sets a higher bar than "excusable neglect" or "good cause," which are the standards applicable to extensions for filing appeals under Fed. R. App. 4(a)(5)(A)(ii). *See Nelson v. Nicholson*, 489 F.3d 1380, 1383-84 (Fed. Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993)). Under the doctrine of excusable neglect, which is available only when expressly authorized by statute or rule, *id.*, neglect is defined as simple, faultless omissions or carelessness, *see Cygnus Corp. v. United States*, 65 Fed. Cl. 646, 649 (2005) (citing *Pioneer*, 507 U.S. at 388)). The doctrine permits a court to excuse neglect upon weighing "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395)). To warrant equitable tolling, however, the movant must show something more. *Nelson*, 489 F.3d at 1384-85.

On July 20, 2016, the Valles filed a reply to the government's response, asserting that they received the special master's decision on May 5, 2016, not April 13, 2016. Pet'rs' Reply at 1, ECF No. 143. The Valles aver that they were not "informed about the April 13, 2016 decision," and that their time for seeking review should run from May 5, not April 13. *Id.* This averment, however, is contradicted by the court's records. The clerk's office has on file a Federal Express receipt showing that a copy of the special master's decision was delivered to the petitioners on April 14, 2016, at 9:49 a.m., *i.e.*, on the morning after the decision was issued.

---

the entry of the judgment or order sought to be appealed within 21 days after entry;

(B)  the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C)  the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(5), (6).

7

These circumstances do not amount to *excusable* neglect, let alone the more rigorous showing required for equitable tolling.

## CONCLUSION

The motion for review is DISMISSED for lack of jurisdiction.

No costs.

It is so ORDERED.

Charles F. Lettow
Judge